## TANNER et al. v. WHITE.

1. If husband and wife be sued on a note given by the wife *dum sola*, the marriage must be averred, or the declaration is bad, either on demurrer, or on error.

Error to the County Court of Pickens.   Before the Hon. Lemuel A. Gilkey.

This was an action of assumpsit, brought by defendant, against plaintiffs in error, to recover of them the sum due on a promissory note, made by E. A. Reid.   The declaration alleges, that Elizabeth Tanner, one of the plaintiffs in error, whilst she was unmarried, made the note, and that she did

not, whilst unmarried, pay said note, nor have either of the defendants paid it, since their intermarriage. The defendants failed to appear, and judgment was rendered against them by default. The declaration contains no averment of the marriage of E. A. Reid with James H. Tanner.

The judgment of the court is now assigned as error.

PECK and PORTER, for plaintiffs in error.

1. The declaration contains no joint cause of action against the plaintiffs in error. It describes a note made by Elizabeth Tanner, without stating any liability whatever by the plaintiff, James H. Tanner.

2. The declaration contains no cause of action whatever against the plaintiff, James H. Tanner. It does not state that he is the maker of the note declared on, or that he is in any way bound for its payment; and the judgment is by default, without any appearance, by either of the plaintiffs in error.

3. The court will not presume the parties to be man and wife; and if so, no cause of action is set out against Tanner. But suppose a presumption arises that they were *baron* and *feme*, the presumption also arises that they were so, at the time of the promise by her; and if so, a promise set out as by the wife is bad, as she can make none. 2 Bac. Ab. Bar. and Feme, L. 62; Morris v. Norris, 1 Taunt. 212; Edwards v. Davis, 16 Johns. 281; Jackson v. Vanderheyden, 17 ib. 167; Nutz v. Rentter, 1 Watts, 229. A recovery against a *feme covert*, may be avoided by the husband on writ of error. 2 Bac. Ab. Bar. and F. L. 61, note; Candell v. Shaw, 4 Term R. 361.

DARGAN, J.—The case of Strickland v. Burns, decided at the last term of this court, shows, that the declaration in this case is bad. It was there held, that if husband and wife be sued on a note given by wife *dum sola*, the marriage must be averred, and under the general issue, must be proved. Indeed, the rule is too plain to admit of doubt, that a declaration, which does not show the liability of a defendant, is bad, either on demurrer, or on error.

Let the judgment be reversed, and the cause remanded.